UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>CHOLO ABDI ABDULLAH<br><br>Defendant. | : | **STIPULATED**<br>**PROTECTIVE ORDER**<br><br>20 Cr. 677 (AT) |

ANALISA TORRES, District Judge:

WHEREAS, CHOLO ABDI ABDULLAH, the defendant, has certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, to pre-trial discovery;

WHEREAS, the Government recognizes its obligation to provide such discovery materials to the defendant, including its obligations pursuant to Federal Rule of Criminal Procedure 5(f) to disclose all information that is favorable to CHOLO ABDI ABDULLAH, the defendant, that is material either to guilt or to punishment and that is known to the Government, consistent with national security and safety considerations and the confidentiality of ongoing investigations;

WHEREAS, the discovery materials that the Government intends to provide to the defendant contains certain personal and confidential information of third parties;

WHEREAS, the discovery materials that the Government intends to provide to the defendant contain certain materials that, if disseminated to third parties, could, among other things, implicate national security and the safety of others, including confidential sources, and impede ongoing investigations (the “Protected Materials”);

WHEREAS, some of the Protected Materials contain especially sensitive but unclassified information (the "Restricted Information") the disclosure of which could cause particular harm to ongoing investigations and national security;

WHEREAS, the parties agree that there is good cause for the entry of this Order; and

WHEREAS, in the interest of expediting the discovery process, the defendant, by his attorneys, Jill Shellow, Esq., and Andrew Patel, Esq., consents to the entry of this Order;

IT IS HEREBY ORDERED that, pursuant to Federal Rule of Criminal Procedure 16(d) and subject to the additional limitations set forth below, the discovery materials provided by the Government pursuant to Rule 5(f) and 16 of the Federal Rules of Criminal Procedure and/or *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny ("Discovery") to the defendant's counsel, Jill R. Shellow, Esq., and Andrew G. Patel, Esq., shall be used by the defendant, his counsel, and his counsel's agents only for purposes of defending the charges, in connection with sentencing, and pursuing any appeals in this criminal action. To the extent the Protected Materials are shown to additional persons consistent with the terms set forth below, those additional persons may use the Protected Materials only in connection with this criminal action.

IT IS FURTHER ORDERED that the Government shall identify to defense counsel all items that are to be afforded protected status as Protected Materials pursuant to this Protective Order by either stamping the material as "Protected Material" or, where that is not possible, clearly noting that the discovery material is "Protected Material" in the Government's transmittal communication. The Government will use the term "Protected Material" in the file name of any digital discovery which has that status.

IT IS FURTHER ORDERED THAT the Protected Materials shall not be further disseminated by the Defendant or his counsel to any individuals, organizations or other entities, other than to members of the legal defense team (limited to co-counsel, paralegals, investigators, expert witnesses, translators, interpreters, litigation support personnel, and secretarial staff), each of whom shall be provided with a copy of this Protective Order by defense counsel and will be advised by defense counsel that he or she shall not further disseminate or discuss the materials and must follow the terms of the Protective Order. Each of the individuals to whom disclosure of the Protected Materials is made shall, before being shown any Protected Materials, subscribe to a copy of the stipulation attached hereto, a copy of which shall be submitted to the Court under seal.

IT IS FURTHER ORDERED that the Protected Materials or their contents may not be provided to any foreign persons or entities (except if such persons or entities are members of the defense team as defined above) and may not be transmitted outside of the United States for any purpose, absent further order of the Court permitting such transmission after both parties have an opportunity to be heard.

IT IS FURTHER ORDERED that the Restricted Information shall be kept in the sole possession of the defendant's counsel and legal defense team and shall not be copied or otherwise recorded by the defendant.

IT IS FURTHER ORDERED that the Government shall provide copies of the Protected Materials from which any Restricted Information has been redacted that can be maintained by the defendant, where feasible. In the event it is not possible to redact the Restricted Information, the Government shall advise defense counsel of the Restricted Information that is being withheld from the defendant. In the event that counsel for the

Government and counsel for the defendant are unable to agree whether specific redactions are appropriate, the matter will be presented to the Court for resolution.

IT IS FURTHER ORDERED that nothing in this Order is intended to prevent defense counsel from discussing or showing Restricted Information to the defendant for purposes of preparing his defense.

IT IS FURTHER ORDERED that defense counsel may seek authorization of the Court, with notice to the Government, to provide Protected Materials to persons whose access to Protected Materials is otherwise prohibited by the preceding paragraphs, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of the case.

IT IS FURTHER ORDERED that the parties shall not post any Protected Materials on any Internet site[1] or network site to which persons other than the parties hereto have access.

IT IS FURTHER ORDERED that, after the resolution of all final appeals or collateral challenges in this matter, or the expiration of the time-period for any such appeals or collateral challenges, defense counsel shall return to the Government all copies of the Protected Materials provided in this case.

IT IS FURTHER ORDERED that this Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, redacted disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order

[1] This does not prohibit the parties from using secure private web services, such as "Drop Box," to store Protected Materials, provided that the only people with access to such services are those authorized herein to receive Protected Materials, or to transfer such material to such authorized recipients.

of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

IT IS FURTHER ORDERED that nothing in this Order prohibits the media from requesting copies of any items that are received by the Court as public exhibits at a hearing, trial, or other proceeding.

IT IS FURTHER ORDERED that nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Rule 16(d) or the Classified Information Procedures Act as to particular items of Discovery material.

The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

Dated: New York, New York
December 31, 2020

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney
Southern District of New York

By: /s/______________________________
David W. Denton, Jr.
Sidhardha Kamaraju
Elinor Tarlow
Assistant United States Attorneys
Southern District of New York
(212) 637-2744 / 6523 / 1036

CHOLO ABDI ABDULLAH

By: Jill R. Shellow Digitally signed by Jill R. Shellow Date: 2020.12.31 14:19:42 -05'00'
Jill R. Shellow, Esq.
Andrew G. Patel, Esq.
Attorneys for the Defendant

SO ORDERED:

New York, New York
_____________, 2021

______________________________
HON. ANALISA TORRES
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

CHOLO ABDI ABDULLAH

Defendant.

**STIPULATION TO**
**PROTECTIVE ORDER**

20 Cr. 677 (AT)

(Submitted Under Seal)

I, ______________________________________________, state that:

1. My address is ____________________________________________________________.
2. My present employer is ____________________________________________________.
3. My present occupation or job description is ____________________________________.
4. I have received a copy of the Protective Order entered in the above-entitled action on _____________.
5. I have carefully read and understand the provisions of the Protective Order.
6. I will comply with all of the provisions of the Protective Order.
7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purpose of this action, any discovery material that is disclosed to me.
8. I will return all discovery material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel form whom I received the discovery material.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

Dated: ________________________ ______________________________