UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

v. 20 Cr. 677 (AT)

CHOLO ABDI ABDULLAH,

Trial

Defendant.
------------------------------x

New York, N.Y.
November 1, 2024
10:20 a.m.

Before:

HON. ANALISA TORRES,

District Judge

APPEARANCES

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
NICHOLAS S. BRADLEY
JONATHAN L. BODANSKY
Assistant United States Attorneys

CHOLO ABDI ABDULLAH, Pro Se

ADAMS & COMMISSIONG LLP
KARLOFF C. COMMISSIONG, Standby Counsel

SAHLI LAW PLLC
EMILEE A. SAHLI, Standby Counsel

ALSO PRESENT: SABRINA JIM MUNOZ
SEAN ZERGER, Special Agent, FBI

(Trial resumed; in open court; jury not present)

THE COURT: Good morning. Would you make your appearances, please.

MR. BRADLEY: Good morning, your Honor. Nicholas Bradley and Jonathan Bodansky, for the government, along with Paralegal Specialist Sabrina Jim Munoz and Special Agent Sean Zerger, with the FBI.

MR. COMMISSIONG: Good morning, your Honor. Karloff Commissiong and Emilee Sahli, standby counsel. And Mr. Abdullah is present in the courtroom.

THE COURT: Please be seated.

As I stated yesterday, I plan to issue a written order with my findings pursuant to *United States v. Geaney*. That order will be docketed in due course.

I will, however, tell you now that I have determined that the government has met its burden by a preponderance of the evidence to establish the existence of a conspiracy, the defendant and the declarants' membership in that conspiracy, and that the out-of-court statements were made during and in furtherance of the conspiracy. The statements the government seeks to introduce under Rule 801(d)(2)(E) are admitted.

The written order, which will be docketed shortly, provides an explanation of my reasoning.

Last night, the government emailed the Court and standby counsel its proposed revisions and additions to the

Court's draft jury charge.

Early this morning, Mr. Commissiong filed a letter on the docket, at ECF No. 142, stating that standby counsel needed additional time to consult with Mr. Abdullah on the proposed jury charge, and would do so later this morning.

I've since received an email from the defendant, via standby counsel, responding to the government's email from last night. I will now address the proposed revisions in the order they appear in the jury charge, the charge that my clerks have provided to you just now.

On page 5, in the last two paragraphs of the section titled "Role of The Jury," the government requests that the Court add the words "or the defendant" after the words "lawyers" and "attorneys."

Mr. Abdullah does not oppose the addition of this language.

I will add the requested language.

So, to be clear, the paragraph, which starts, "in determining the facts," that second sentence will read, "What the lawyers or the defendant have said in their," et cetera. And then the next paragraph, which begins, "questions," will read, "Questions asked by the attorneys or the defendant," et cetera.

Additionally, I am going to remove the references to direct and cross-examination in the first sentence of the first

paragraph under the heading "What Is and Is Not Evidence," because there was no cross-examination in this trial.

In the "What Is and Is Not Evidence" section, I am going to eliminate the paragraph which stated, "Similarly, testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence."

On pages 10 to 11, in the section titled "Credibility of Witnesses," the government requests that the Court remove all references to past inconsistent statements, past false testimony, and impeachment because there was no evidence of, or testimony related to, past inconsistent statements or past false testimony, nor any impeachment of witnesses, during the trial.

Mr. Abdullah does not oppose this request.

So, I will remove references to evidence of past inconsistent statements or false testimony. However, I will leave in the language about false testimony given in this trial. So, the fourth paragraph of this section, on page 10, will now read: "If you find that a witness has testified falsely as to any material fact, you may reject that witness' testimony in its entirety, or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case."

I will also, in the second paragraph of this section, remove the question that asks, "How did the way the witness

testified on direct examination compare with how the witness testified on cross-examination," because there was no cross-examination during the trial.

I'm also going to be eliminating the paragraph which states "Now, a witness may be discredited or impeached by contradictory evidence," et cetera.

On page 15 -- actually, page 16, in the section titled "Elements of Count Two," the government requests that the Court remove the reference to aiding and abetting because it is not included in the charging document.

Mr. Abdullah does not oppose this request, and I will adopt the government's proposal and delete that language.

On page 16, in the section titled "First Element: Providing Material Support," the government requests that the Court rephrase the first sentence by breaking it into two sentences. The government also requests that the Court change the date on which al-Shabaab was designated by the U.S. Secretary of State as a foreign terrorist organization from March 18, 2008, to February 26, 2008.

Mr. Abdullah does not oppose the proposed revision, and I will adopt it.

On page 32, in the section titled "Object Two," which appears, actually, on my copy, on page 33 -- so, the copy I have is my marked-up version and is not identical in pagination to what you have. So that is why there is an inconsistency.

So, I understand that on page 32 of your version, it says: "Object Two: Willfully interfering with or disabling anyone involved in the operation of an aircraft," and that section, the government requests that the Court remove the word "substantive" from the second sentence.

Mr. Abdullah does not oppose the removal of this language, and I will remove the word "substantive."

On pages 35 to 36, in the section titled "Defendant'S Self-Representation," the government requests that the Court add the following sentence at the end of the paragraph: "I also want to remind you that while the defendant had --" — in fact, actually, I'm going to change the word "while" to "although," because I personally feel that "while" is a temporal word — "I also want to remind you that although the defendant had the right to cross-examine witnesses, present an opening statement, or make closing arguments, he had no obligation to do so."

I'm going to add that language. Mr. Abdullah does not oppose the addition of this language.

However, I'm going to add, at the end of the sentence, the following phrase, "and you are not to draw any inferences from the defendant's decision not to do so."

So the sentence will now read in full: "I also want to remind you that although the defendant had the right to cross-examine witnesses, present an opening statement, or make

closing arguments, he had no obligation to do so, and you are not to draw any inferences from defendant's decision not to do so."

On page 37, in the section titled "Law Enforcement and Government Witnesses," the government requests that the Court add the modifier "U.S. or foreign" before "law enforcement officers" in the first sentence.

Mr. Abdullah does not oppose this addition, and I will make this change.

On page 43, in the section titled "Inappropriate Considerations and Implicit Bias," Mr. Abdullah requests that the Court add the following sentence after the second sentence of the middle paragraph: "For example, you should draw no conclusion from the appearance of the defendant, including his choice of attire. That is not evidence and should not be considered."

I will adopt the revision in part, so that the sentence will read: "For example, you should draw no conclusion from the defendant's choice of attire. That is not evidence and should not be considered."

Closing statements will take place on Monday, at 9:00 a.m.

Mr. Abdullah, I want to remind you that the Sixth Amendment to the United States Constitution guarantees you the right to make a closing statement to the jury. That

right was recognized by the Supreme Court in *Herring v. New York*, 422 U.S. 853 (1975).

I want to stress, however, that the Court in *Herring* made very clear that I, as the presiding judge, have great latitude in controlling the duration and limiting the scope of closing summations. 422 U.S. at 862.

I'm permitted to limit closing arguments to a reasonable time, and I may terminate argument if I find that the argument is repetitive, redundant, or strays unduly from the mark, or otherwise impedes the fair and orderly conduct of the trial. In all of these respects, I have broad discretion. 422 U.S. at 622.

I stress to you now, Mr. Abdullah, that if you choose to exercise your right to make a closing statement to the jury, your statement must focus on the evidence presented in this case. If you choose to use your closing statement as an opportunity to testify to the jurors — that is, if you attempt to add new evidence or information not already presented to the jury — I will prohibit you from proceeding.

A closing statement is not an opportunity to testify, and you have knowingly and intelligently waived your right to testify.

Do you understand what I mean when I say that any closing statement you make to the jury must be constrained to the evidence presented during the trial?

MR. ABDULLAH: I understand.

THE COURT: Do you plan to make a closing statement?

MR. ABDULLAH: No, I don't.

THE COURT: Are there any further applications?

MR. BRADLEY: Not from the government, your Honor.

MR. COMMISSIONG: Not from standby counsel, although I put it in the email, and I just want to reiterate, that we thoroughly reviewed the jury charges with Mr. Abdullah, and anything we submitted was based upon that review. We reviewed it with him for awhile yesterday after the end of the trial day, and we reviewed it with him this morning, and your Honor was gracious enough to give us additional time to do that.

Thank you, your Honor.

THE COURT: Who will be making the closing statement on behalf of the government?

MR. BRADLEY: I will, your Honor.

THE COURT: And how long do you think you're going to take?

MR. BRADLEY: I believe approximately 75 minutes, your Honor.

THE COURT: 75 minutes? Okay.

All righty. Well, then we will reconvene at 9:00 a.m -- well, at 8:45 a.m. on Monday.

I want to remind the marshals that Mr. Abdullah is due in court at 8:30 during every day of the trial, so that he may

confer with his standby counsel.

MARSHAL: Yes, Judge.

THE COURT: Mr. Abdullah?

MR. ABDULLAH: Your Honor, I have not spoken to my family for the past hundred days, and I would request the Court to make sure that this month --

THE COURT: I'm having difficulty hearing you. Would you speak louder, please?

MR. ABDULLAH: I said -- can you hear me now?

THE COURT: Yes, I can.

MR. ABDULLAH: I have not spoken to my family for the past hundred days, for more than -- I think a little more than hundred days, and I would request the Court to make sure that, you know, the government to allow me to speak to my family this month, November.

THE COURT: So, I had mentioned the need to make sure that he would have the allotted calls with his family, and that he would be given the amount of time that he is entitled to.

Mr. Bradley, do you have any information on that?

MR. BRADLEY: Very briefly, your Honor.

First, I believe we have confirmed that Mr. Abdullah is scheduled for a call on November 5th, which is Tuesday, Election Day. We had, in part, facilitated to arrange that because that was going to be a court holiday. And I do not know the duration that's been scheduled for that call, but I'm

happy to report back to the Court on that.

I would also note that with regard to Mr. Abdullah's statements about delay, as we had noted to the Court in a prior letter, he had been under disciplinary sanction for possession of a contraband item within his cell. We obviously have no control over that — that's a Bureau of Prisons determination — but he was scheduled and declined to participate in a call with his family or a social call before the trial. But, in any event, he does have a call scheduled for Tuesday, November 5th. I can confirm the duration of that call for the Court as well.

THE COURT: I'm not aware of what the rules are regarding duration. Mr. Abdullah had informed me that he was entitled to 90 minutes, I believe. Is that correct?

MR. ABDULLAH: Your Honor, can I add something?

THE COURT: Go ahead and speak into the microphone.

MR. ABDULLAH: I apologize, I forgot to add something that I was planning to tell you this day.

About the contraband, it was just a clock that is usually, you know, approved by the federal FCC that they usually put at the door, but, you know, it usually fall down, and I ask the officer to give me. It's not a big issue, but I agreed, I actually acknowledged that there was a clock in my cell, and I was punished, and I don't have any problem about this.

My other issue is that, you know, the government, the

Court, grant me the privilege of having a 90-minute phone call, and now I don't want that privilege anymore. So I just want a 30-minute phone call, like other inmates, because, you know, the 90 minute was for the other conversion of the video call because I don't have a video call with my family. So I ask the Court before to convert that two hours for video call into a regular phone call. So I have a lot of problem with this, your Honor, so I just want to -- you know, I don't want anymore with the -- that 90 minutes. Just give me the regular 30 minutes a month. That's what I'm asking, your Honor.

MR. BRADLEY: Your Honor, I may be at a bit of a disadvantage regarding the specific time he is allowed for his social calls and video chats. In terms of a path forward, let us confer with the Bureau of Prisons and report back to the Court on that. He obviously should have as much time as he is entitled to have. I'm just not sure how much of that is subject to, for example, availability, technical issues, also the monitoring provisions that are required under the SAMs, as well.

So, I would propose getting back to the Court shortly on that and, certainly, what time has been allotted and budgeted, at least now, for the call on Tuesday.

THE COURT: All right. I look forward to hearing from you on that issue.

Anything further?

MR. ABDULLAH: No, your Honor.

MR. COMMISSIONG: Nothing from standby counsel.

THE COURT: All righty, then.

So, we will reconvene on Monday morning, at 8:45. Thank you.

MR. BRADLEY: Thank you, your Honor.

MR. BODANSKY: Thank you.

(Adjourned to November 4, 2024, at 8:45 a.m.)